IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Wayne McDaniels, #254398, ) <br> *aka Kevin W. McDaniels*, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> United States of America, ) <br> ) <br> Defendant. ) <br> _____ ) | C/A No.: 1:11-3128-TLW-SVH <br><br><br><br><br> REPORT AND RECOMMENDATION |

Plaintiff is a prisoner at the Federal Correctional Complex in Coleman, Florida. The instant case originated when Plaintiff filed a motion in his District of South Carolina criminal case, requesting an emergency injunction ordering that he receive medical care for a breathing condition. C/A No. 7:06-cr-36-HMH-1 (*"McDaniels I"*) at Entry #163. That motion was docketed as the complaint in the instant civil case pursuant to an order of this court dated November 16, 2011. *McDaniels I* at Entry #195. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. The District of South Carolina is not the appropriate venue for this civil case. Therefore, the undersigned recommends this case be transferred to the United States District Court for the Middle District of Florida.

I.   Discussion

   A.   Standard of Review

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   B.   Analysis

The only defendant currently docketed in this action is the United States of America, due to the criminal-case origin of this civil case. Although the complaint is difficult to read, Plaintiff appears to imply that the United States Bureau of Prisons (BOP) would or should be a defendant in this civil case. Compl. at 3 [Entry #1]. In either case, the venue provision for cases in which a United States agency or the United States is a defendant would apply, as follows:

2

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. §1391(e).

A federal agency's "residency" is in the District of Columbia. *See, e.g., In re Pope*, 580 F.2d 620, 622 (C.A.D.C. 1978) ("[t]he Board of Parole resides in the District of Columbia"). Due to the unusual origin of this case, it is not clear if other entities or individuals are intended to be named as defendants. In any case, the provision of §1391(e) allowing venue where "a substantial part of the events or omissions giving rise to the claim occurred" would allow venue in the district court in which the prison where Plaintiff is an inmate is located, and where any medical indifference is alleged to have occurred, which would be the Middle District of Florida.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.§ 1404(a). Because most or all of the events that are the subject of the litigation occurred at Plaintiff's current prison, the appropriate venue would be the U.S. District Court for the Middle District of Florida. "The district court of a district in

3

which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Therefore, in the interest of justice, the undersigned recommends the transfer of this case to the Middle District of Florida.

III.  Conclusion

Accordingly, it is recommended that the district judge transfer this case to the Middle District of Florida.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 4, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7