IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin Wayne McDaniels, a/k/a Kevin W. McDaniels,<br><br>    Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>    Defendant. | C/A No.: 1:11-3128-TLW-SVH<br><br>REPORT AND RECOMMENDATION |

Plaintiff Kevin Wayne McDaniels ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a federal prisoner at the Williamsburg Federal Correctional Institution[1] and brings this action alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] At the time this case was filed, Plaintiff was a prisoner at the Federal Correctional Complex in Coleman, Florida. A Report and Recommendation was entered January 4, 2012, recommending this case be transferred to the United States District Court for the Middle District of Florida. [Entry #14]. Subsequently, Plaintiff was transferred back into South Carolina and the Report and Recommendation was vacated by order of the undersigned on January 13, 2012. [Entry #18].

I.  Factual and Procedural Background

The instant case originated when Plaintiff filed a motion in his District of South Carolina criminal case, requesting an emergency injunction ordering that he receive medical care for a breathing condition. [Cr. No. 7:06-36-HMH, Entry #163]. That motion was docketed as the complaint in this civil case pursuant to an order of this court dated November 16, 2011. [*Id.* at Entry #195]. Subsequently, Plaintiff has filed a civil case making the same allegations as those made in the instant case. [C/A No. 1:12-6-TLW-SVH].

II.  Discussion

A.  Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

2

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

B.   Analysis

Because of the criminal-case origin of this civil case, the only defendant reflected on the docket is the United States of America.

The Federal Tort Claims Act ("FTCA") allows exceptions to the sovereign immunity the United States otherwise enjoys. 28 U.S.C. § 1346. However, Plaintiff cannot proceed under the FTCA because he does not allege he has exhausted the administrative remedies required by the Act. *See* 28 U.S.C. § 1346; *see also Norton v. U.S.*, 581 F.2d 390, 392–93 (1978). The FTCA vests the district courts with:

> exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

In order to proceed with a case under the FTCA, Plaintiff must first exhaust his claims with the appropriate administrative agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

While Plaintiff alleges that he has exhausted the prison grievance procedure, he does not allege he has exhausted his remedies with the appropriate federal agency. An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. *See* 28 C.F.R. § 14.2; Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). Therefore, the complaint cannot go forward as an FTCA claim.

This case could be construed as an attempt to bring claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 (federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law). *Harlow v. Fitzgerald*,

457 U.S. 800, 814–20 (1982). However, *Bivens* is inapplicable here because no federal official is named as a defendant.

Perhaps the most salient reason the instant case cannot proceed is that Plaintiff has made it clear he intends to litigate these issues in a different civil case filed against forty-six individuals and other entities. *See* C/A No. 1:12-6-TLW-SVH. The allegations in the instant case are duplicative of those made in C/A No. 1:12- 6-TLW-SVH. In fact, Plaintiff makes clear in his objections to the earlier Report and Recommendation in this case that he actually intended C/A No. 1:12-6-TLW-SVH as his vehicle for obtaining relief on these issues. [Entry #26].

III. Conclusion

Accordingly, it is recommended that the district judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 27, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).